IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DAVIS DESHIELDS,

     **Plaintiff,**

v.                                **Case No. 5:26-cv-11-AW-MJF**

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

     **Defendant.**

_____/

## <u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

Plaintiff Davis DeShields initiated this case to challenge a final decision of the Commissioner of the Social Security Administration. In a thorough report and recommendation, the magistrate judge recommends dismissing the case without prejudice. ECF No. 15. I have carefully considered the report and recommendation, and I have considered de novo the issues Plaintiff raised in his objections. ECF No. 16. I have also considered the Commissioner's response to Plaintiff's objections. ECF No. 17.

I agree with the magistrate judge that dismissal is appropriate. In short, Plaintiff has not taken appropriate steps to advance the case. He did not timely file his supporting memorandum. And his untimely memorandum did not comply with the court's order. As the magistrate judge explained,

> Plaintiff provides conclusory statements that he satisfies the statutory definition of disability and that the ALJ erroneously denied his request

1

> for benefits. Plaintiff, however, fails to identify any specific error committed by the ALJ and how it prejudiced Plaintiff. He also failed to cite the record for any of his factual contentions that he meets the statutory definition of disability. In other words, Plaintiff's memorandum amounts to nothing more than a general allegation that the ALJ's findings are unsupported by substantial evidence.

ECF No. 15 at 5 (citations omitted). The magistrate judge had previously warned Plaintiff that his failure to file a compliant memorandum would be deemed a failure to prosecute and would likely lead to dismissal. That is what happened.

In objecting to the report and recommendation, Plaintiff argues for something less severe. I recognize that dismissal without prejudice can operate as dismissal with prejudice when a new action would be untimely. (Plaintiff recognizes this too because the magistrate judge included that fact in a show-cause order after Plaintiff failed to comply with a filing deadline. *See* ECF No. 12.) But I conclude nothing lesser would suffice. Plaintiff *still* has not filed any compliant memorandum, and there is no indication that affording yet another chance would change anything. Indeed, the magistrate judge provided ample opportunities. Moreover, allowing yet another bite at the apple would burden the Commissioner, who would have to file another responsive brief.

Finally, I note the outcome here is functionally the same as if the court affirmed the Commissioner's decision, which would be the appropriate outcome based on Plaintiff's failure to satisfy his burden of demonstrating error. The same

2

reasons the magistrate judge offers for dismissal would also justify simply affirming the decision below.

I now adopt the report and recommendation and incorporate it into this order. The clerk will enter a judgment that states, "Plaintiff's case is dismissed without prejudice." The clerk will then close the file.

SO ORDERED on July 6, 2026.

s/ *Allen Winsor*
Chief United States District Judge